**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARISHA RUSSELL,

           Plaintiff-Appellant,

    v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY, a Maryland
corporation,

           Defendant-Appellee.

No. 18-55682

D.C. No. 3:17-cv-00672-JLS-WVG

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Southern California, San Diego
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted November 4, 2019
Pasadena, California

Before: FARRIS, McKEOWN, and PARKER, Jr.,[**] Circuit Judges.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the Second Circuit, sitting by designation.

Marisha Russell appeals the District Court's Fed. R. Civ. P. 12(b)(6) dismissal of her action under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and California state law against her former employer, Government Employees Insurance Company ("GEICO"). We review the court's dismissal de novo, *Dougherty v. City of Covina*, 654 F.3d 892, 897 (9th Cir. 2011), and we affirm.

Russell argues that under 29 C.F.R. § 778.209(a), GEICO must retroactively allocate her cash payment bonus over the 2012 calendar year, recompute her regular rate of pay for the workweeks covered, and make a supplemental overtime payment. She is incorrect. GEICO opted to calculate its cash payments as outlined in 29 C.F.R. § 778.210, not § 778.209, and § 778.210 does not require retroactive allocation of the bonus into an employee's regular rate of pay or recomputation of overtime pay. *See Harris v. Best Buy Stores, L.P.*, No. 15-cv-00657-HSG, 2016 WL 4073327, at *4 (N.D. Cal. Aug. 1, 2016), *on reconsideration*, No. 15-cv-00657-HSG, 2016 WL 6248893 (N.D. Cal. Oct. 26, 2016) (citing § 778.210; Opinion Letter FLSA, 1997 WL 998000, at *1; FLSA 2006-4NA (February 17, 2006)).

Under § 778.210, employers calculate bonus payments by multiplying an employee's regular wages and overtime earnings by the same fixed percentage, which serves as both a bonus and a simultaneous payment of overtime

compensation due on the bonus. *See* § 778.210; *Harris*, 2016 WL 4073327, at *4. GEICO calculated employee cash payments and trust contributions as a percentage of the employee's "Total Earnings" in a calendar year, which included regular wages, overtime earnings, and other bonuses. Thus, GEICO satisfied the requirements of § 778.210, it has already properly paid overtime compensation, and it need not make a supplemental overtime payment.

Section 778.210 applies, so we need not reach Russell's argument that GEICO did not establish a precise formula to determine the company's own contributions to its profit sharing plan under 29 C.F.R. § 778.215(a)(3), which is required to exclude employees' trust contributions from their regular rate of pay.

GEICO's requirement that employees work until February of the following year to receive their bonus cash payment does not violate § 778.503. Nor must GEICO factor those extra two months into the employee's Total Earnings upon which the bonus is based. Doing so would be duplicative, as the first two months of each year would be accounted for twice in consecutive yearly bonus calculations.

**AFFIRMED.**